| | |
|---|---|
| **WO** | MDR |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | No. CV 09-1085-PHX-MHM (MEA) |
| Plaintiff/Respondent, ) | No. CR 04-50178-PHX-MHM |
| v. ) | **ORDER** |
| Sky Gary Trammell, ) | |
| Defendant/Movant. ) | |

On May 20, 2009, Movant Sky Gary Trammell, who is confined in the Corrections Corporation of America's Central Arizona Detention Center in Florence, Arizona, filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (28 U.S.C. § 2255)" (Doc. #1 in 09-CV-1085-PHX-MHM (MEA)). On May 21, 2009, Movant filed a second "Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (28 U.S.C. § 2255)" (Doc. #3 in 09-CV-1085-PHX-MHM (MEA)).

The Court will construe the second § 2255 Motion as an Amended § 2255 Motion. In so doing, the Court notes that Movant claimed in his original § 2255 Motion that he was attacking judgments of conviction in United States v. Trammell, 01-MJ-4148-SLV, and United State v. Trammell, 09-CR-26-PHX-MHM. However, a judgment of conviction was not entered in either of those cases. In United States v. Trammell, 01-MJ-4148-SLV, a warrant was issued pursuant to Rule 40 of the Federal Rules of Criminal Procedure based on Movant's arrest on a warrant from the District of Oregon. Movant has not yet been sentenced in United States v. Trammell, 09-CR-26-PHX-MHM.

**TERMPSREF**

In his second § 2255 Motion, Movant challenges his conviction in United States v. Trammell, 04-CR-50178-PHX-MHM. In that case, the Court revoked Movant's supervised release and committed Movant to the custody of the Bureau of Prisons for four months, to be followed by 32 months on supervised release. It appears that this is the case Movant is attempting to collaterally attack in this proceeding.[1] The Court, therefore, will construe Movant's Amended § 2255 Motion as a collateral attack on this Court's revocation of his supervised release and term of confinement in 04-CR-50178-PHX-MHM.

**I.  Amended § 2255 Motion**

Movant should take note that all grounds for relief alleged in his original § 2255 Motion are **waived** unless they are re-alleged in the Amended § 2255 Motion. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original"); King v. Atiyeh, 814 F.2d 565 (9th Cir. 1987). Accordingly, the Court will consider **only** those claims specifically asserted in Plaintiff's Amended § 2255 Motion.

In his Amended § 2255 Motion, Movant asserts four grounds for relief:

(1) "Conviction obtain[ed] by a violation of the protection against double jeopardy";

(2) "Conviction obtained by used of evidence obtained pursuant to an unlawful, illegal, unethical, immoral, un-proved alleged crime";

(3) "False jurisdiction"; and

(4) Lack of Subject Matter Jurisdiction."

The Court will require a response to the Amended § 2255 Motion.

. . . .

. . . .

. . . .

---

[1] If Movant is attempting to collaterally attack the District of Oregon case which gave rise to his original term of supervised release, this Court is not the proper forum for the attack—a § 2255 Motion must be presented to "the court which imposed the sentence." 28 U.S.C. § 2255(a).

## II. Warnings

### A. Address Changes

Movant must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Movant must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Copies

Movant must serve Respondent, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Movant must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Movant.

### C. Possible Dismissal

If Movant fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Movant's May 21, 2009 Motion (Doc. #3 in 09-CV-1085-PHX-MHM (MEA)) is **construed** as an Amended § 2255 Motion attacking the revocation of his supervised release and his term of confinement in 04-CR-50178-PHX-MHM.

(2) The Clerk of Court must serve a copy of the Amended § 2255 Motion (Doc. #3) and this Order on the United States Attorney for the District of Arizona.

(3) The United States Attorney for the District of Arizona has **60 days** from the date of service within which to answer the Amended § 2255 Motion. The United States Attorney may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be

1 attached to the answer. Failure to set forth an affirmative defense in an answer may be
2 treated as a waiver of the defense. <u>Day v. McDonough</u>, 126 S. Ct. 1675, 1684 (2006). If not
3 limited to affirmative defenses, the answer must fully comply with all of the requirements
4 of Rule 5 of the Rules Governing Section 2255 Cases.

(4) Movant may file a reply within **30 days** from the date of service of the answer to the Amended § 2255 Motion.

(5) The matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 18th day of June, 2009.

_____
Mary H. Murgia
United States District Judge